# EXHIBIT 1

**Antitrust**

*In re Nasdaq Market-Makers Antitrust Litig.*, No. M21-68, 94 CV 3996, MDL No.1203 (S.D.N.Y.) (securities)

*State of Connecticut v. Mylan Laboratories, Inc*., MDL No. 1290, Misc. No. 99-276 (D.D.C.) (pharmaceuticals)

*In re Toys "R" Us Antitrust Litig.*, MDL No. 1211, Master File No. CV-97-5750 (E.D.N.Y.) (toys and other products)

*State of Florida v. Nine West Group, Inc*., Civil Action No. 00 CV 1707 (S.D.N.Y) (shoes)

*In re Cardizem Antitrust Litig.*, 200 F.R.D. 326 (E.D. Mich.) (Cardizem)

*In re Buspirone Antitrust Litig.*, MDL No. 1413 (S.D.N.Y.) (Buspar)

*Ohio vs. Bristol-Myers Squibb, Co*., 1:02-CV-01080 (D.D.C.) (Taxol)

*Raz v. Archer Daniels Midland Co., Inc*., No. 96-CV-009729 (Wis. Cir. Ct. Milwaukee County) (citric acid)

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361 (D. Me.) (prerecorded music products)

*Kelley Supply, Inc. v. Eastman Chemical Co*., No. 99CV001528 (Wis. Cir. Ct., Dane County) (Sorbates)

*Giral v. Hoffman-LaRoche Ltd*., C.A. No. 98 CA 7467 (W. Va. Cir. Ct., Kanawha County) (vitamins)

*Comes v. Microsoft Corp*., Case No. CL82311 (Iowa Dist. Ct., Polk County) (software)

*In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663 Civil No. 04-5184 (FSH) (D.N.J.) (insurance)

*In re: Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, CA:01-CV-12257-PBS (D. Mass.) (pharmaceuticals)

*Cox v. Microsoft Corp.*, Index No. 105193/00 (N.Y. Sup. Ct., New York County) (software)

*In re: Monosodium Glutamate Antitrust Litig.*, D-0202-CV-0200306168, D-202-CV-200306168 (N.M. Dist. Ct., County of Bernalillo) (MSG)

*Conroy v. 3M Corp.*, Case No. C-00-2810 CW (N.D. Cal.) (invisible tape)

*Comes v. Microsoft Corp.*, Case No. CL8231 (Iowa Dist. Ct., Polk County) (computers)

## Consumer

*Burch v. American Home Products Corp.*, No. 97-C-204 (1-11) (W. Va. Cir. Ct., Brooke County) (Fen Phen)

*Woosley v. State of California*, No. CA 000499 (Cal. Super. Ct., Los Angeles County) (automobiles)

*Fettke v. McDonald's Corp.*, Case No. 044109 (Cal. Super. Ct., Marin County) and *BanTransFat.com v. McDonald's Corp.*, Case No. 034828 (Cal. Super. Ct., Marin County) (trans fatty acids)

*Weiner v. Cal-Shake, Inc.*, J.C.C.P. No. 4208 (Cal. Super. Ct., Contra Costa County) (roofing product)

*Daniel v. AON Corp.*, No. 99 CH 11893 (Ill. Cir. Ct., Cook County) (insurance contingency fees)

*Reiff v. Epson America, Inc.* and *Latham v. Epson Am.*, Inc., J.C.C.P. No. 4347 (Cal. Super. Ct., L.A. County) (ink jet printers)

*Azizian v. Federated Department Stores, Inc.*, Docket No. 4:03 CV-03359 SBA (N.D. Cal.) (cosmetics)

*Lebrilla v. Farmers Group Inc.*, No. 00-CC-07185 (Cal. Super. Ct., Orange County) (auto insurance)

*Hoorman v. GlaxoSmithKline*, No. 04-L-715 (Ill. Cir. Ct., Madison Cty.) (Paxil pharmaceutical)

*In re Tri-State Crematory Litig*, MDL No. 1467 (N.D. Ga.) (improper burial)

## Discrimination

*McNeil v. American General Life and Accident Ins. Co.*, No. 8-99-1157 (M.D. Tenn.) (insurance)

*Nealy v. Woodmen of the World Life Ins. Co*., No. 3:93 CV-536 BN (S.D. Miss.) (insurance)

*In re Holocaust Victim Assets Litig.,* No. CV 96-4849 (Consolidated with CV-5161 and CV 97-461) (E.D.N.Y.) (Holocaust)

## Mass Tort

*Ahearn v. Fibreboard Corp.*, C.A. No. 6:93-CV-526 (E.D. Tex.), and *Continental Casualty Co. v. Rudd*, C.A. No. 6:94cv458 (E.D. Tex.) (asbestos injury)

*Georgine v. Amchem, Inc*., C.A. No. 93-CV-0215 (E.D. Pa.) (asbestos injury)

*Engle v. RJ Reynolds Tobacco Co*., No. 94-08273 CA 20 (Fla. Cir. Ct., Dade County) (tobacco injury)

*Backstrom v. The Methodist Hosp.*, No. H-94-1877 (S.D. Tex.) (TMJ injury)

## Pension Benefits

*Forbush, Rhodes v. J. C. Penney Co., Inc. Pension Plans*, Nos. 3:90-2719-X and 3:92-0109-X (N.D. Tex.)

*Collins v. Pension Benefit Guarantee Corp*., No. 88-3406 and *Page v. Pension Benefit Guarantee Corp*., No. 89-2997 (D.D.C.)

## Product Liability

*Cox v. Shell Oil Co*., No. 18,844 (Tenn. Ch. Ct., Obion Co.) (polybutylene pipe)

*Naef v. Masonite Corp*., No. CV-94-4033 (Ala. Cir. Ct., Mobile County) (hardboard siding product)

*In re Louisiana Pac. Corp. Inner Seal OSB Trade Practices Litig.*, MDL No. 1114, C 95-3178 (N.D. Cal.) (oriented strand board)

*Cosby v. Masonite Corp*., No. CV-97-3408 (Ala. Cir. Ct., Mobile County) (siding product) and *Quin v. Masonite Corp*., No. CV-97-3313 (Ala. Cir. Ct. Mobile County) (roofing product)

*Ruff v. Parex, Inc*., No. 96-CvS 0059 (N.C. Super. Ct., Hanover County) (EIFS)

*Garza v. Sporting Goods Properties, Inc.*, No. SA 93-CA-1082 (W.D. Tex.) (gun ammunition)

*Richison v. Weyerhaeuser Co., Ltd.*, No. 05532 (Cal. Super. Ct., San Joaquin County) (roofing product)

*Shah v. Re-Con Building Products, Inc.*, No. C99-02919 (Cal. Super. Ct., Contra Costa County) (roofing product)

*Hart v. Central Sprinkler Corp.*, No. BC 17627 (Cal. Super. Ct., Los Angeles County) and *County of Santa Clara v. Central Sprinkler Corp.*, No. CV 17710119 (Cal. Super. Ct., Santa Clara County) (sprinklers)

*Smith v. Behr Process Corp.*, No. 98-2-00635 (Wash. Super. Ct., Gray Harbor County) (stain product)

*Shields vs. Bridgestone/Firestone, Inc., Bridgestone Corp.*, No. E-167.637 (D. Tex.) (tires)

*Baird v. Thomson Consumer Elecs.*, No. 00-L-000761 (Ill. Cir. Ct., Madison County) (television)

*Peterson v. BASF Corp.*, File No. C2-97-295 (D. Minn.) (herbicide)

*Wholesale Elec. Antitrust Cases I & II*, J.C.C.P. Nos. 4204 & 4205 (Cal. Super. Ct., San Diego County) (energy)

*Foothill/De Anza Community College Dist. v. Northwest Pipe Co.*, No. CV-00-20749-JF/EAI (N.D. Cal.) (fire sprinklers)

*Posey v. Dryvit Sys., Inc.* No. 17,715-IV (Tenn. Cir. Ct., Jefferson County) (EIFS stucco)

**Bankruptcies with Mass Tort Claimants**

*In re Dow Corning*, No. 95-20512 (Bankr. E.D. Mich.) (breast implant)

*In re U.S. Brass Corp.*, No.94-40823S (Bankr. E.D. Tex.) (polybutylene)

*In re The Celotex Corp.*, Consolidated Case Nos: 90-10016-8B1 and 90-10017-8B1 (Bankr. M.D. Fla.) (asbestos)

*In re Johns-Manville Corp.*, 68 B.R. 618, 626 (Bankr. S.D.N.Y.) (asbestos)

*In re Raytech Corp.*, No. 5-89-00293 (Bankr. D. Conn.) (asbestos)

*In re Kaiser Aluminum Corp.*, Case NO. 02-10429 (JFK) (D. Del)

*In re Owens Corning*, Chapter 11, No. 00-03837 (MFW) (Bankr. D. Del.)

*In re W.R. Grace & Co.*, Chapter 11, No. 01-01139 (JJF) (Bankr. D. Del.)

*In re Armstrong World Indus., Inc.*, Chapter 11, No: 00-4471 (JJF) (Bankr. D. Del.)

EXHIBIT 2

*Ahearn v. Fibreboard Corp.*, No. 6:93 cv526 (E.D. Tex.); *Continental Casualty Co. v. Rudd*, No. 6:94cv458 (E.D. Tex.).

In approving the notice plan for implementation in the Ahearn and Rudd class actions in 1994, Judge Parker stated, "I have reviewed the plan of dissemination, and I have compared them to my knowledge at least of similar cases, the notices that Judge Weinstein has worked with [Agent Orange] and Judge Pointer [Silicon Gel Breast Implants], and it appears to be clearly superior." - Chief Judge Robert M. Parker (1994)

*Azizian v. Federated Department Stores, Inc.*, No. 3:03 CV-03359 (N.D. Cal.).

"The notice was reasonable and the best notice practicable under the circumstances; was due, adequate and sufficient notice to all class members; and complied fully with the laws of the United States and of the Federal Rules for Civil Procedure, due process and any other applicable rules of court." - Hon. Sandra Brown Armstrong (2004)

*Collins v. Pension Benefit Guarantee Corp.*, No. 88-3406 (D.D.C.).

"The notice provided was the best notice practicable under the circumstances. Indeed, the record shows that the notice given was consistent with the highest standards of compliance with Rule 23(e)." (1996)

*Cox v. Microsoft Corporation*, No. 105193/00 (N.Y. Sup. Ct. N.Y. County).

"The court finds that the combination of individual mailing, e-mail, website and publication notice in this action is the most effective and best notice practicable under all the circumstances, constitutes due, adequate and reasonable notice to all Class members and otherwise satisfies the requirements of CPLR 904, 908 and other applicable rules. The Settlement meets the due process requirement for class actions by providing Class members an opportunity either to be heard and participate in the litigation or to remove themselves from the Class." - Hon. Karla Moskowitz (2006)

*Cox v. Shell Oil Co.,* No. 95-CV-2 (Tenn. Ch. Ct. Obion County)

In the order approving the settlement of the polybutylene pipe class action, Judge Maloan stated, "The Court finds the notice program is excellent. As specified in the findings below, the evidence supports the conclusion that the notice program is one of the most comprehensive class notice campaigns ever undertaken." (1995)

*Foothill/De Anza Community College District v. Northwest Pipe Co.,* No. CV-00-20749 (N.D. Cal.)

"The Court finds that the settling parties undertook a thorough and extensive notice campaign designed by Kinsella/Novak Communications, Ltd., a nationally-recognized expert in this specialized

field. The Court finds and concludes that the Notice Program as designed and implemented provides the best practicable notice to the Class, and satisfied requirements of due process." - Hon. Jeremy Fogel (2004)

*Galanti v. The Goodyear Tire & Rubber Co.,* No. 03-209 (D.N.J.)

"The published notice, direct notice and Internet posting constituted the best practicable notice of the Fairness Hearing, the proposed Amended Agreement, Class Counsels' application for fees, expenses and costs, and other matters set forth in the Class Notice and the Summary Notice. The notice constituted valid, due and sufficient notice to all members of the Settlement Classes, and complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, the laws of New Jersey and any other applicable law." – Hon. Stanley R. Chesler (2004)

*Georgine v. Amchem*, 158 F.R.D. 314, 326 (E.D. Pa.).

Judge Reed explained that the notice program developed by Kinsella "goes beyond that provided in [previous cases]" and "the efforts here are more than adequate to meet the requirements of Rule 23(c)(2)." (1993)

*Higgins v. Archer-Daniels Midland Co.,* Second Judicial District Court, County of Bernalillo C-202-CV-200306168 (N.M. 2d Jud. Dist. Bernalillo County)

"The Court finds that the form and method of notice given to the Settlement Class, including both mailed notice to persons and firms for whom such notice was practical and extensive notice by publication through multiple national and specialized publications, complied with the requirements of Rule 1-023 NMRA 2006, satisfied the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice of the Settlement Agreements and their Final Approval Hearing, and other matters referred to in the Notice. The notice given to the Settlement Class was reasonably calculated under the circumstances to inform them of the pendency of the actions involved in this case, of all material elements of the proposed Settlements, and of their opportunity to exclude themselves from, object to, or comment on the Settlements and to appear at the Final Approval Hearing." -Hon. William F. Lang (2006)

*In re Compact Disc Minimum Advertised Price Antitrust Litigation*, MDL No. 1361 (D. Me.).

In approving the notice plan for implementation in the Compact Disc Minimum Advertised Price Antitrust Litigation, Judge D. Brock Hornby stated, "(the plan) provided the best practicable notice under the circumstances and complied with the requirements of both 15 U.S.C. 15c(b) (1) . . . the notice distribution was excellently designed, reasonably calculated to reach potential class members, and ultimately highly successful in doing so." - Hon. D. Brock Hornby (2002/2003)



*In re International Air Transportation Surcharge Antitrust Litigation*, No. M 06-1793, MDL No. 1793 (N.D. Cal.).

In approving the notice plan in this litigation that involved a proposed settlement of more than $200 million for U.S. and U.K. class members, U.S. District Judge Charles Breyer repeatedly praised KNC: "I think the notice is remarkable in this case. . . . This is brilliant. This is the best notice I've seen since I've been on the bench. . . . Turning back to the settlement, again I want to applaud the parties for the notice. I mean it's amazing. You know, it really is good. And I don't know where this person practices, I don't even know that she's a lawyer. But she really did a good job on this announcement, this notice. So thank you very much. . . . And I once again want to express my sincere appreciation of the notice. I mean, I was just extraordinarily impressed. Extraordinarily impressed." – Hon. Charles Breyer (2008)


*In re The Celotex Corporation,* Nos. 90-10016-8B1 and 90-10017-8B1 (Bankr. M.D. Fla.).

"...all counsel should be complimented on the fact that they have gone to every possible conceivable method of giving notice from putting it on TV and advertising it in papers..... the record should also reflect the Court's appreciation to Ms. Kinsella for all the work she's done, not only in pure noticing, but ensuring that what noticing we did was done correctly and professionally." - Hon. Thomas E. Baynes, Jr.


*In re Western States Wholesale Natural Gas Antitrust Litigation*, No. CV-03-1431, MDL No. 1566, (D. Nev) (natural gas).

"This notice program fully complied with Federal Rule of Civil Procedure 23 and the requirements of due process. It provided to the MDL Class the best notice practicable under the circumstances." - Hon. Philip M. Pro (2007)


*Johns-Manville Corp.* 68 B.R. 618, 626 (Bankr. S.D.N.Y. 1986), aff'd, 78 B.R. 407 (S.D.N.Y. 1987), aff'd sub nom. *Kane v. Johns-Manville Corp.* 843 F.2d. 636 (2d Cir. 1988).

In approving the notification plan in the Johns-Manville Bankruptcy Reorganization, the court referred to it as "an extensive campaign designed to provide the maximum amount of publicity ... that was reasonable to expect of man and media." - Hon. Burton Lifland (1996/1998)


*Lovelis v. Titeflex Corp.,* No. CIV-2004-211 (Ark. 9th Cir. Ct. Clark Co.)

"Accordingly, the Notice as disseminated is finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the Notice campaign described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and



United States Constitutions. The Court further finds that the Notice campaign undertaken concisely and clearly states in plain, easily understood language:

(a.)  the nature of the action;

(b.)  the definition of the class certified;

(c.)  the class claims, issues or defenses;

(d.)  that a Class Member may enter an appearance and participate in person or through counsel if the member so desires;

(e.)  that the Court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and

(f.)  the binding effect of the Final Order and Judgment on Class Members.

- Hon. John A. Thomas

*Naef v. Masonite Corp*., No. CV-94-4033 (Ala. Cir. Ct. Mobile County)

"In November, 1997, the Court approved a massive Notice Program to apprise class members of the class action Settlement, including the individually mailed, notices, publication notice and notification by way of other avenues nationally and locally. This Notice Program was designed by recognized experts, approved by the mediator and the Court, and implemented diligently by the parties, at defendants' cost. It provided the best notice practicable to the Class, comports with due process, and was clearly adequate under Alabama Rule of Civil Procedure 23(e), the United States Constitution, and other applicable law." - Hon. Robert G. Kendall (1997)



EXHIBIT 3

# If You Purchased a Prepaid or Rechargeable Calling Card Before July 13, 2010

## You May Get Benefits from a Class Action Settlement

*A Court authorized this notice. This is not a solicitation from a lawyer.*

- A class action Settlement of a lawsuit captioned *Torres-Hernandez and Ramirez v. STi Prepaid, LLC, et al.*, Civil Action No. 08-1089 ("Lawsuit") could affect you if you purchased telephone calling cards sold or distributed by STI Phonecard, Inc., Telco Group, Inc., VOIP Enterprises, Inc., and STi Prepaid, LLC ("Defendants"). The Lawsuit claims the Defendants failed to properly disclose charges and fees associated with using the telephone calling cards.

- The Settlement will provide refunds up to $7.4 million. The refunds will be given through the use of calling card Refund Personal Identification Numbers ("Refund PINs"). These Refund PINs can be used to make domestic calls and international calls to certain locations. Defendants will provide up to $1,000,000 in future free or reduced-rate minutes.

- The Defendants deny any wrongdoing and are settling the Lawsuit to avoid the costs and burdens of continuing the case.

Read this notice carefully because your legal rights will
be affected whether you act or do not act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT: | |
|---|---|
| **DO NOTHING** | **Stay in the Lawsuit. Give up certain rights.**<br>By doing nothing you remain in the Settlement, but you must submit a Claim Form to receive any refund. You are bound by the results of this lawsuit and you give up any rights to sue the Defendants on your own about the same legal claims in this lawsuit. |
| **OBJECT TO THE SETTLEMENT** | **Stay in the Lawsuit. Share in the benefits. Give up certain rights. Represent yourself or be represented by your own lawyer.**<br>If you object to the Settlement you must write to the Court and to counsel for both Plaintiff and Defendants by **Month 00, 2010** (see Question 17 for details.) You have the right to appear and speak in the Lawsuit yourself or through a lawyer you hire at your own expense. You or your lawyer must file a Notice of Appearance with the Court (see Question 20 for details.) |
| **ASK TO BE EXCLUDED** | **Get out of the Lawsuit. Get no benefits. Keep rights.**<br>If you ask to be excluded, you will not receive any benefit as a result of this Settlement. But, you keep any rights to sue the Defendants on your own about the same legal claims in this lawsuit. To ask to be excluded, you must act by **Month 00, 2010**. |

These rights and options **and the deadlines by which you
need to act** are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................................... PAGE 3

    1. Why Was This Notice Issued?
    2. What Is This Lawsuit About?
    3. Why Is This a Class Action?
    4. Why Is There a Settlement?

**WHO IS IN THE SETTLEMENT** ............................................................................ PAGE 3

    5. How Do I Know if I Am a Part of the Settlement?
    6. What STI Calling Cards Are Included?
    7. Are There Exceptions To Being Included in the Settlement?
    8. What if I Am Not Sure Whether I Am Included in the Settlement?

**WHAT DOES THE SETTLEMENT PROVIDE** .................................................... PAGE 4

    9. What Does the Settlement Provide?
    10. How Can I Get a Refund PIN?
    11. How and When Can I Use the Refund PINs?
    12. Am I giving up any Rights?

**THE LAWYERS REPRESENTING YOU** ........................................................... PAGE 5

    13. Do I Have a Lawyer in This Case?
    14. How Will the Lawyers Be Paid?

**EXCLUDE YOURSELF FROM THE SETTLEMENT** ......................................... PAGE 6

    15. What Do I Have To Do if I Do Not Want To Be Included in the Settlement?
    16. What Happens if I Do Not Opt Out?

**OBJECT TO THE SETTLEMENT** ..................................................................... PAGE 7

    17. How Do I Tell the Court That I Like or Do Not Like the Settlement?
    18. When and Where Will the Court Decide To Finally Approve the Settlement?
    19. Do I Have To Come to a Hearing?
    20. May I Speak at the Hearing?

**WHAT IF I DO NOTHING** ................................................................................ PAGE 8

    21. What Happens if I Do Nothing at All?
    22. How Do I Get More Information?

QUESTIONS? CALL TOLL FREE (800) 000-0000 TOLL FREE, OR VISIT WWW.STISETTLEMENT.COM,
WWW.FREEDWEISS.COM, WWW.CARELLABYRNE.COM, OR WWW.NAGELRICE.COM

2

**1. Why was this Notice issued?**

The Court in charge of this case issued this Notice because you have a right to know about a proposed Settlement of a class action lawsuit. You also are entitled to know how you can make a claim for certain benefits of the Settlement and about all of your options.

**2. What is this lawsuit about?**

The people who filed this lawsuit are called the "Plaintiffs." The Lawsuit claims that the Defendants did not inform consumers sufficiently about certain rates and charges for their prepaid calling cards, and therefore violated various state consumer protection acts and other laws. This lawsuit was filed in federal court in New Jersey and is called *Torres-Hernandez and Ramirez v. STI Prepaid LLC, et al.*, Civil Action No. 08-1089.

The Defendants deny the claims in the Lawsuit. They also deny having done anything wrong related to the sale, distribution or marketing of its pre-paid calling cards. However, the Defendants have agreed to settle the Lawsuit to avoid the burdens and cost of continuing the case.

**3. Why is this a Class Action?**

In a class action, one or more people called "Class Representatives" sue on behalf of people with similar claims. All of these people together are called a "Class" and individually, are called "Class Members," except for those who exclude themselves from the Class.

**4. Why is there a Settlement?**

The Court did not decide in favor of either Plaintiffs or Defendants. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainty and cost of a trial and those included in the Class and others will get an opportunity to receive the benefits being made available under the Settlement. The Class Representatives and the attorneys appointed by the Court to represent the Class believe that the Settlement is in the best interests of all Class Members.

**5. How do I know if I am part of the Settlement?**

You are a member of the Class if you purchased an eligible calling card issued by any of these companies on or before July 13, 2010:

- STI Phonecard, Inc.
- Telco Group, Inc.
- VOIP Enterprises, Inc.
- STi Prepaid, LLC

In this Notice, these cards are collectively referred to as "STI calling cards."

Unless you opt out (see Question 15), you will be included in the Settlement. However, you must file a claim in order to receive a Refund PIN.

**6. What STI calling cards are included?**

Included are STI calling cards purchased in the United States before July 13, 2010. This includes prepaid calling cards sold at retail outlets (except cards used in conjunction with STI's mobile phones) that were sold or distributed by the Defendants.

QUESTIONS? CALL TOLL FREE (800) 000-0000 TOLL FREE, OR VISIT WWW.STISETTLEMENT.COM, WWW.FREEDWEISS.COM, WWW.CARELLABYRNE.COM, OR WWW.NAGELRICE.COM

3

*Many of the included STI calling cards do not have the STI name on them, so please check the list of eligible cards carefully.* The list of eligible calling cards is available at www.STIsettlement.com, www.freedweiss.com, www.carellabyrne.com, or www.nagelrice.com, or by calling toll free (800) 000-0000.

**7.  Are there exceptions to being included in the Settlement?**
Defendants and their officers, directors, employees, and attorneys are not included in the Class.  Federal judges and their families are also excluded.  Additionally, the Settlement does not include calling cards formerly sold or distributed by CVT Prepaid Solutions, Inc. ("CVT") prior to the acquisition of the assets of CVT by STi Prepaid; and calling cards sold or distributed as a result of STi's acquisition of Sprint's prepaid calling card business in October, 2008.

**8.  What if I am not sure whether I am included in the Settlement?**
If you are not sure whether you are included, you may call the toll-free number (800) 000-0000.

## WHAT DOES THE SETTLEMENT PROVIDE

**9.  What does the Settlement provide?**
The Settlement includes a number of benefits, including:

> (a)  Refund PINs of up to $7,400,000 for Class Members (the "PIN Fund"), who purchased one or more STI calling cards before July 13, 2010; and

> (b)  Up to $1,000,000 in free or reduced-rate minutes to prospective customers.

These benefits will be distributed to those who submit valid claim(s) during the claims period ([DATE] to [DATE]), if the Court grants final approval and after any appeals are resolved.  If you submit a claim, please be patient.  It will take some time for you to receive your Refund PIN.

**10.  How can I get a Refund PIN?**
Each STI calling card has a PIN number on the back.  How you can get a Refund PIN depends on whether you still have your STI calling card and its PIN.

*If you have your STI PIN(s):*
- Call (800) 000-0000, or use the link at www.STIsettlement.com to request a Refund Form.
- Provide on the Refund Form a PIN from an eligible calling card, together with a proof of purchase for the PIN,
- Provide on the Refund Form your name and address, telephone number, birth date, and the name of the calling card associated with the PIN.

After you submit a Refund Form, Defendants will provide you with payment of your claim in the form of a Refund PIN, based on confirmation of an eligible PIN and as long as funds remain available.  If you submit a claim in the manner described in this section, you may not submit or receive a Refund PIN for more than 25 PINs.

QUESTIONS? CALL TOLL FREE (800) 000-0000 TOLL FREE, OR VISIT WWW.STISETTLEMENT.COM, WWW.FREEDWEISS.COM, WWW.CARELLABYRNE.COM, OR WWW.NAGELRICE.COM

4

***If you don't have your STI PIN(s):***

Mail a sworn, written statement to "Claims Administrator:  c/o STi Prepaid," [contact information] with the following information:

- The type or name of STi Calling Card purchased;
- The location at which it was purchased;
- The month and year in which it was purchased;
- The month and year in which it was used;
- At least one phone number that you called when you used the card;
- A valid address to which STI will mail the Refund PIN; and
- The following statement:  Under penalty of perjury, I hereby affirm and certify that the information provided on this form is true and accurate.  The information provided on this form is subject to audit and review, and willfully false statements will be reported to the court.

Subject to review by a neutral third party, the Defendants will determine if you are eligible for a refund based on confirmation of an eligible PIN as long as funds remain available.

***For anyone making a claim:***

If you are eligible, the Defendants will provide you with a Refund PIN.  All claims must be made during the six-month claims period.  Because the date by which a claim may be submitted will be determined based upon the Court's orders, you may call (800) 000-0000 or visit www.STIsettlement.com to find out when the claims period has begun.

## 11. How and when can I use the Refund PINs?

You can use your Refund PIN the same way you used your STI calling card, except that Refund PINs may not be used from payphones or to call international cellular phones and they may be used to call only certain foreign countries.

You must dial the new access number you receive and use the Refund PIN the same way you used the PIN on the back of your original card.  You may begin to use your Refund PINs as of the activation date for your Refund PIN.  Refund PINs are valid for six months after the activation date.

## 12. Am I giving up any rights?

If you are a Class Member and you do not opt out of the Settlement, yes.  When the Settlement becomes final — even if you don't claim a Refund PIN – you will be releasing Defendants from any liability for all claims associated with this case, and you will be bound by the release included in the Settlement agreement.  You will not be able to sue the Defendants related to the legal issues in this case.

Copies of the Settlement agreement containing the release are available at www.STIsettlement.com, www.freedweiss.com, www.CarellaByrne.com, www.NagelRice.com, or by calling (800) 000-0000.  The release is on pages ___ - ___ of the Settlement Agreement.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

Yes.  The Court has appointed three law firms as Class Counsel to represent Class Members in this case.  The law firms are:  Carella, Byrne, Cecchi, Olstein, Brody & Agnello; Freed & Weiss LLC; and Nagel Rice LLC.  If you want to be represented by your own lawyer, you may hire one at your own expense.

QUESTIONS? CALL TOLL FREE (800) 000-0000 TOLL FREE, OR VISIT WWW.STISETTLEMENT.COM,
WWW.FREEDWEISS.COM, WWW.CARELLABYRNE.COM, OR WWW.NAGELRICE.COM

5

**14. How will the lawyers be paid?**

Class Counsel will ask the Court for attorneys' fees and expenses of no more than $2,050,000. The Court may award less than that amount, and Defendants will separately pay the fees and expenses that the Court awards. These amounts will not come out of the funds for benefits to Class Members. No Class Member will pay anything. Defendants have agreed not to oppose Plaintiffs' counsel's request for these fees and expenses. Defendants also will separately pay the costs to provide notice to the Class and to administer the Settlement.

## EXCLUDE YOURSELF FROM THE SETTLEMENT

**15. What do I do if I do not want to be included in the Settlement?**

If you are a Class Member and do not wish to be included in the Settlement, you have the right to exclude yourself or "opt out" of the Settlement. To exclude yourself, you must submit a written request for exclusion by mail, postmarked by **Month 00, 2010**, to the counsel listed below. The following information must be included:

- Your name, address, and, if available, telephone number;
- A list of all available PINs and names of STI Calling Cards that you purchased;
- The date(s) or approximate date(s) that you purchased the STI Calling Card(s);
- The name (s) and address(es) of the retailer(s) from which you purchased such card(s);
- The approximate total dollar amount of your purchase(s) of such STI Calling Cards;
- If you have your own attorney, include your attorney's name, address and telephone number; and
- You must sign the request to be excluded.

Class Members may only opt out on their own behalf, except for minors.

Any request for exclusion that does not include the required information and is not postmarked by **Month 00, 2010** may be rejected. If your request for exclusion is rejected, you are automatically included in the Class. Class Members who opt out will not be eligible for a Refund PIN and they cannot object to the terms of the Settlement.

| LEAD COUNSEL FOR THE CLASS: | COUNSEL FOR DEFENDANTS: |
|---|---|
| James E. Cecchi, Esq.<br>Carella, Byrne, Cecchi, Olstein, Brody & Agnello<br>5 Becker Farm Road<br>Roseland, New Jersey 07068 | Edward T. Kole<br>Wilentz Goldman & Spitzer, P.A.<br>90 Woodbridge Center Drive<br>Woodbridge, New Jersey 07095 |
| Paul M. Weiss<br>Freed & Weiss LLC<br>West Washington Street, Suite 1331<br>Chicago, Illinois 60602 | John R. Goldman<br>Herrick Feinstein LLP<br>One Gateway Center<br>Newark, New Jersey 07102 |
| Bruce H. Nagel, Esq.<br>Nagel Rice, LLP<br>103 Eisenhower Parkway<br>Roseland, New Jersey 07068 | |

QUESTIONS? CALL TOLL FREE (800) 000-0000 TOLL FREE, OR VISIT WWW.STISETTLEMENT.COM, WWW.FREEDWEISS.COM, WWW.CARELLABYRNE.COM, OR WWW.NAGELRICE.COM

6

**16. What happens if I do not opt out?**

If you do not opt out before **Month 00, 2010** and the Settlement is approved, you are automatically included in the Class and all claims that you may have against Defendants will be ***waived and released***, and ***you will be prohibited from bringing any similar claims in the future on your own behalf.***

**OBJECT TO THE SETTLEMENT**

**17. How do I tell the Court that I like or do not like the Settlement?**

If you are a Class Member, you have the right to tell the judge what you think about the Settlement. You can express support or give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must file a written objection, no later than **Month 00, 2010,** with the Clerk of the Court at the following address:  Clerk of the Court, District Court for the District of New Jersey, Martin Luther King Federal Building and U.S. Courthouse 50 Walnut Street, Room 4015, Newark, New Jersey 07102. In addition, you must send a copy of your objection to the attorney's listed in Question 15.  The following information must be included:

- Your name, address and, if available, telephone number;
- State the reason for your objection;
- A list of all available PINs and names of STI Calling Cards that you purchased;
- The approximate total dollar amount of your purchase(s) of such STI Calling Card(s);
- Copies of any materials that you will submit to the Court or present at the Fairness Hearing;
- If you have your own attorney, include your attorney's name, address and telephone number; and
- You must sign the objection.

Any objection that does not include the required information and is not postmarked by **Month 00, 2010** may be rejected and disregarded by the Court.  If your objection is rejected, you are bound by all Court orders.

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at xx:xx x.m. on **Month 00, 2010** in Judge Madeline Cox Arleo's courtroom, Courtroom xx on the 2nd floor of the Martin Luther King Jr. Federal Building and U.S. Courthouse, Newark, New Jersey.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court also may decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to grant final approval of the Settlement.  We do not know how long these decisions will take.

**19. Do I have to come to the Hearing?**

No.  Class Counsel will answer any questions that the judge may have.  However, you are welcome to attend the hearing at your own expense. You also may pay your own lawyer to attend the Fairness Hearing on your behalf.  If you send an objection, you don't have to come to Court to discuss it. As long as your written objection is received before the deadline, and you have followed the directions in Question 17 above, the Court will consider everything that you have to say.

**20. May I speak at the Hearing?**

That will be up to the judge.  You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a written request to the Court, at the address in Question 17, and a copy must be sent

QUESTIONS? CALL TOLL FREE (800) 000-0000 toll free, or VISIT WWW.STISETTLEMENT.COM,
WWW.FREEDWEISS.COM, WWW.CARELLABYRNE.COM, OR WWW.NAGELRICE.COM

7

to the both Plaintiffs' counsel and Defendants' counsel, at the address listed in Question 15, no later than **Month 00, 2010** stating that this is your "Notice of Intention to Appear in *Torres-Hernandez and Ramirez v. STI Prepaid LLC.*"

The following information must be included in your request:

- Your name, address, and, if available, telephone number;
- The name, address, and telephone number of the person who will appear on your behalf, if anyone;
- State the reason for your objection that you intend to raise at the Fairness Hearing;
- List all available PINs and names of STi Calling Cards that you purchased;
- The date(s) or approximate date(s) of your purchase(s) of STi Calling Card(s);
- The name(s) and address(es) of the retailer(s) from which you purchased such card(s); and
- You must sign the request.

Any request that does not include the required information and is not postmarked by **Month 00, 2010** will not be considered by the Court.

## WHAT IF I DO NOTHING

### 21. What happens if I do nothing at all?
If you do nothing, you will not receive any Refund PINs and you will waive any related claims you may have against the Defendants.

### 22. How do I get more information?
This notice summarizes the proposed Settlement. More details are available in the Settlement agreements and other documents filed with the Court. You can obtain these documents and more details at www.STISettlement.com or www.freedweiss.com, or from the Clerk of the Court at the address in Question 17.

Additional information is also available by calling (800) 000-0000 toll free, or visiting www.STIsettlement.com, www.freedweiss.com, www.carellabyrne.com, or www.nagelrice.com.

Please **do not** contact the Court with questions about the Settlement.

QUESTIONS? CALL TOLL FREE (800) 000-0000 TOLL FREE, OR VISIT WWW.STISETTLEMENT.COM,
WWW.FREEDWEISS.COM, WWW.CARELLABYRNE.COM, OR WWW.NAGELRICE.COM

8



EXHIBIT 4

# If You Purchased a Prepaid or Rechargeable Calling Card Before July 13, 2010

## You May Get Benefits from a Class Action Settlement

A class action Settlement could affect you if you purchased telephone calling cards sold or distributed by STI Phonecard, Inc., Telco Group, Inc., VOIP Enterprises, Inc., and STi Prepaid, LLC ("Defendants"). The lawsuit claims Defendants failed to properly disclose charges and fees associated with using the cards.

### What is the Case About?

The lawsuit claims that Defendants failed to fully inform consumers about applicable rates and charges on prepaid and rechargeable calling cards, which may have violated state laws. Defendants deny they did anything wrong.

### Am I Included?

You are included in the Settlement if you purchased an eligible STI calling card in the U.S. that was sold or distributed by Defendants before July 13, 2010. The Settlement includes certain cards that do not have the STI name on them. A complete list of eligible calling cards is available on the websites listed below.

### What Does The Settlement Provide?

Defendants will provide refunds up to $7,400,000. The refunds will be given through the use of calling card Refund Personal Identification Numbers ("Refund PINs"). These Refund PINs can be used to make domestic calls and international calls to certain locations. A complete list of locations is available on the website. The amount you are entitled to receive depends on the total number of valid claims submitted. In addition, Defendants will provide up to $1,000,000 in future free or reduced-rate minutes.

### How Do I Get A Refund?

You need to file a Claim Form to get a refund from the Settlement. You have 6 months to file a claim. The exact date depends on the Court, but could begin as early as **November 1, 2010**. To find out when the claims process will start, you can call the phone number or visit the websites, which are listed below.

### What Are My Other Legal Rights?

- Remain in the Settlement: You will be bound by the terms of the Settlement and give up your right to sue Defendants. To receive any refund you must submit a claim.

- Get out of the Settlement: If you wish to keep your right to sue Defendants, you must exclude yourself by **Month 00, 2010**.

- Remain in the Settlement and Object: If you stay in the Settlement, you can object to it by Month 00, 2010. You give up your right to sue and are bound by all Court orders even if your objection is rejected.

The U.S. District Court for the District of New Jersey will hold a hearing in the case, *Torres-Hernandez and Ramirez v. STI Prepaid LLC, et al.*, Civil Action No. 08-1089, on **Month 00, 2010** to consider whether to approve the Settlement and a request for attorneys' fees and expenses of up to $2,050,0000. You may ask to appear and speak at the hearing, or you may hire a lawyer to request to appear and speak at the hearing, at your own expense.

---

**For more information:   1- 800-000-0000   info@freedweiss.com**
**www.STIsettlement.com   www.carellabyrne.com   www.nagelrice.com**

EXHIBIT 5

# Local & National Ethnic Publications

| Arabic Publications | Circulation | Frequency | Region | Publication language |
|---|---|---|---|---|
| *Arab Times* | 250,000 | Weekly | National | Arabic |
| *Alewaa AlArabi* | 150,000 | Weekly | New York | Bilingual |
| *Arab american News* | 35,000 | Weekly | Michigan | Bilingual |

| Bangladeshi Publications | Circulation | Frequency | Region | Publication language |
|---|---|---|---|---|
| *Thikana* | 30,000 | Weekly | National | English |
| *Bangla Patrika* | 12,000 | Weekly | National | English |

| Brazilian/Portuguese Publications | Circulation | Frequency | Region | Publication language |
|---|---|---|---|---|
| *Brazilian Times* | 16,000 | 1x Weekly (F) | NY, NJ, CT, PA | Portuguese |
| *Brazilian Times* | 16,000 | 3X Weekly (M, W, F) | Boston/Manchester | Portuguese |
| *Florida Review* | 20,000 | Monthly | Miami/Ft. Lauderdale | Portuguese |
| *The Brasilians* | 60,000 | Monthly | National | English |
| *Luso Americano - East Coast Edition* | 46,000 | 2X Weekly (W, F) | New York | Bilingual |
| *O Jornal* | 14,500 | Weekly (F) | Boston/Manchester | Portuguese |
| *Portuguese Times* | 15,680 | Weekly (W) | Boston/Manchester | Portuguese |
| *The Immigrant Newspaper* | 5,000 | 2X Monthly | Hartford/New Haven | Bilingual |

| Indian Publications | Circulation | Frequency | Region | Publication language |
|---|---|---|---|---|
| *Divya Bhaskar* | 9,000 | Weekly | National | English |
| *Sher-E-Punjab* | 8,000 | Weekly | National | English |
| *Telugu Times* | 10,000 | Monthly | Northeast, Houston, Chicago, California | English |
| *Tamil Times* | 8,000 | Monthly | NY, NJ, Washington DC, California | English |
| *Indian Reporter* | 35,000 | Weekly | New York | English |
| *India Bulletin* | 28,000 | 2X Monthly | Chicago | English |
| *India Herald* | 2,000 | Weekly (W) | Houston | English |

| | | | | |
|---|---|---|---|---|
| *INDIA JOURNAL* | 21,000 | WEEKLY (TU) | LOS ANGELES | ENGLISH |
| *INDIA NEW ENGLAND* | 8,500 | 2X MONTHLY | BOSTON/MANCHESTER | ENGLISH |
| *INDIA TRIBUNE - ATLANTA EDITION* | 8,000 | WEEKLY (TU) | ATLANTA | ENGLISH |
| *INDIA TRIBUNE - NEW YORK EDITION* | 12,000 | WEEKLY (TU) | NEW YORK | ENGLISH |
| *INDIA TRIBUNE- CHICAGO EDITION* | 26,000 | WEEKLY (TU) | CHICAGO | ENGLISH |
| *INDO-AMERICAN NEWS* | 6,000 | WEEKLY (F) | HOUSTON | ENGLISH |
| *INDIA ABROAD - U.S. EDITION* | 38,000 | WEEKLY (M) | NATIONAL | ENGLISH |
| *INDIAN EXPRESS (U.S. NATIONAL EDITION)* | 30,000 | WEEKLY (W) | NATIONAL | ENGLISH |
| *SILICON INDIA* | 71,000 | MONTHLY | NATIONAL | ENGLISH |
| *KHAAS BAAT* | 10,000 | MONTHLY | TAMPA/ST. PETERSBURG | ENGLISH |
| *INDIA WEST* | 25,000 | WEEKLY (F) | NATIONAL | ENGLISH |

| POLISH PUBLICATIONS | CIRCULATION | FREQUENCY | REGION | PUBLICATION LANGUAGE |
|---|---|---|---|---|
| *AM-POL EAGLE* | 3,500 | WEEKLY (TH) | BUFFALO | ENGLISH |
| *BIALY ORZEL ( WHITE EAGLE ARIZONA EDITION )* | 3,000 | 2X MONTHLY | PHOENIX | BILINGUAL |
| *BIALY ORZEL ( WHITE EAGLE CONNECTICUT EDITION )* | 10,000 | 2X MONTHLY | HARTFORD/NEW HAVEN | BILINGUAL |
| *BIALY ORZEL ( WHITE EAGLE FLORIDA EDITION )* | 5,000 | 2X MONTHLY | MIAMI/FT. LAUDERDALE | BILINGUAL |
| *BIALY ORZEL ( WHITE EAGLE NEW ENGLAND EDITION )* | 7,000 | 2X MONTHLY | BOSTON/MANCHESTER | BILINGUAL |
| *BIALY ORZEL ( WHITE EAGLE PENNSYLVANIA EDITION)* | 10,000 | 2X MONTHLY | PHILADELPHIA | BILINGUAL |
| *BIALY ORZEL ( WHITE EAGLE WEST COAST EDITION )* | 5,000 | MONTHLY | SAN FRANCISCO/OAKLAND/SAN JOSE | BILINGUAL |
| *DZIENNIK ZWIAZKOWY* | 25,000 | 5X WEEKLY (M, TU, W, TH, F) | CHICAGO | POLISH |
| *NOWY DZIENNIK - MON THURS EDITION* | 15,000 | 4X WEEKLY (M, TU, W, TH) | NEW YORK | POLISH |
| *KURIER CODZIENNY* | 16,250 | 5X WEEKLY (M, TU, W, TH, F) | CHICAGO | POLISH |
| *POLISH WEEKLY* | 2,500 | 2X MONTHLY | DETROIT | BILINGUAL |
| *SUPER EXPRESS* | 20,000 | 5X WEEKLY (M, TU, W, TH, F) | NEW YORK | POLISH |

# Local & National Ethnic Publications

| | | | | |
|---|---|---|---|---|
| *Plus (Journal of Polish American Affairs)* | 50,000 | 7X Annually | National | English |
| *Bialy Orzel ( White Eagle Arizona Edition )* | 3,000 | 2X Monthly | Phoenix | Bilingual |

| Hispanic Publications | Circulation | Frequency | Region | Publication language |
|---|---|---|---|---|
| *Acento Latino* | 10,000 | 2X Monthly | Raleigh/Durham/Fayetteville | Hispanic |
| *Ahora Si* | 25,602 | Weekly (Th) | Austin | Hispanic |
| *Al Dia* | 55,808 | Weekly (F) | Philadelphia | Hispanic |
| *Al Dia* | 115,000 | 2X Weekly (W, Sa) | Dallas/Ft. Worth | Hispanic |
| *Bajo El Sol* | 15,000 | Weekly (F) | Yuma/El Centro | Hispanic |
| *Centro Tampa (formerly Centro Mi Diario)* | 41,000 | Weekly (F) | Tampa/St. Petersburg | Hispanic |
| *Centro de Richmond* | 10,000 | Weekly (F) | Richmond/Petersburg | Hispanic |
| *Conexion* | 46,000 | Weekly (Th) | San Antonio | Hispanic |
| *Eco Latino* | 30,000 | Monthly | Jacksonville | Hispanic |
| *El Clasificado* | 351,538 | Weekly (W) | Los Angeles | Hispanic |
| *El Diario La Prensa* | 72,500 | Daily | New York | Hispanic |
| *El Eco De Virginia* | 30,000 | Weekly (W) | Norfolk/Portsmouth/Newport News | Hispanic |
| *El Especial* | 45,000 | Weekly (Tu) | New York | Hispanic |
| *El Extra* | 28,000 | Weekly (Th) | Dallas/Ft. Worth | Hispanic |
| *El Hispano* | 40,120 | Weekly (W) | Philadelphia | Hispanic |
| *El Latino* | 60,000 | Weekly (F) | San Diego | Hispanic |
| *El Mensajero* | 103,800 | Weekly (Su) | San Francisco/Oakland/San Jose | Hispanic |
| *El Mundo* | 30,000 | Weekly (Th) | Boston/Manchester | Hispanic |
| *El Mundo* | 40,000 | Weekly (Th) | Austin | Hispanic |
| *El Nuevo Herald* | 80,000 | 6X Weekly (M, Tu, W, Th, F, Sa) | Miami/Ft. Lauderdale | Hispanic |
| *El Progreso Hispano* | 30,000 | 2X Monthly | Charlotte | Hispanic |

# Local & National Ethnic Publications

| | | | | |
|---|---|---|---|---|
| *El Pueblo Latino* | 10,000 | Weekly (Th) | Springfield/Holyoke | Hispanic |
| *El Semanario Accion* | 56,000 | Weekly (F) | West Palm Beach/Ft. Pierce | Hispanic |
| *El Sol* | 50,000 | Weekly (F) | Hartford/New Haven | Hispanic |
| *El Sol Latino* | 30,000 | 2X Monthly | Lubbock | Hispanic |
| *El Vocero De Puerto Rico (NY Edition)* | 40,000 | 6X Weekly (M, Tu, W, Th, F, Sa) | New York | Hispanic |
| *El Vocero Hispano* | 15,000 | Weekly (F) | Grand Rapids/Kalamazoo/Battle Creek | Hispanic |
| *En Casa (La Estrella)* | 100,000 | Weekly (Sa) | Dallas/Ft. Worth | Hispanic |
| *Enlace* | 86,181 | Weekly (Sa) | San Diego | Hispanic |
| *Extra - Two languages Una Voz* | 65,193 | Weekly (Th) | Chicago | Hispanic |
| *Fronteras de la Noticia (Beaumont)* | 10,000 | Weekly (Th) | Beaumont/Port Arthur | Hispanic |
| *Fronteras de la Noticia (San Francisco/San Jose)* | 75,000 | Weekly (Sa) | San Francisco/Oakland/San Jose | Hispanic |
| *Hispania News* | 15,000 | Weekly (Th) | Colorado Springs/Pueblo | Hispanic |
| *Hispanic Guide* | 6,000 | Weekly (Th) | Abilene/Sweetwater | Hispanic |
| *Hola Augusta* | 8,000 | Monthly | Augusta | Hispanic |
| *Hoy Chicago (Formerly Exito)* | 75,000 | 4X Weekly (M, Tu, W, Th) | Chicago | Hispanic |
| *Hoy Los Angeles* | 145,000 | Weekly (F) | Los Angeles | Hispanic |
| *Impacto Latin Newspaper* | 40,000 | Weekly (Th) | Philadelphia | Hispanic |
| *Impacto USA (formerly El Economico 12/12/03)* | 250,000 | Weekly (Sa) | Los Angeles | Hispanic |
| *La Conexion* | 21,000 | Weekly (W) | Raleigh/Durham/Fayetteville | Hispanic |
| *La Informacion* | 100,000 | Weekly (Th) | Houston | Hispanic |
| *La Opinion* | 92,289 | 6X Weekly (M, Tu, W, Th, F, Sa) | Los Angeles | Hispanic |
| *La Raza* | 152,154 | Weekly (F) | Chicago | Hispanic |
| *La Tribuna Hispana USA* | 46,922 | Weekly (W) | New York | Hispanic |
| *La Ultima Hora* | 20,000 | Monthly | Buffalo | Hispanic |

## Local & National Ethnic Publications

| | | | | |
|---|---|---|---|---|
| *La Voz De Houston* | 100,000 | Weekly (F) | Houston | Hispanic |
| *La Voz Hispana* | 35,000 | Weekly (F) | Hartford/New Haven | Hispanic |
| *La Voz Hispana* | 68,000 | Weekly (Th) | New York | Hispanic |
| *La Voz Independiente* | 10,000 | Weekly (Th) | Greenville/Spartanburg/Asheville/Anderson | Hispanic |
| *La Voz Latina Mensual* | 7,000 | Monthly | Wilkes-Barre/Scranton | Hispanic |
| *La Voz Nueva (formerly La Voz de Colorado)* | 28,000 | Weekly (W) | Denver | Hispanic |
| *Latin Opinion* | 10,000 | 2X Monthly | Baltimore | Hispanic |
| *Latino Newspaper* | 35,000 | Weekly (F) | Greenville/Spartanburg/Asheville/Anderson | Hispanic |
| *Latino Press* | 20,000 | Weekly (Th) | Detroit | Hispanic |
| *Mas Magazine* | 42,000 | Monthly | Bakersfield | Hispanic |
| *Mi Gente* | 50,000 | Weekly (Tu) | Charlotte | Hispanic |
| *Mundo Hispanico* | 71,500 | Weekly (Th) | Atlanta | Hispanic |
| *Nuevas Raices* | 14,000 | Weekly (W) | Harrisonburg | Hispanic |
| *Nuevo Siglo* | 27,000 | Weekly (Th) | Tampa/St. Petersburg | Hispanic |
| *Nuevos Ecos* | 20,000 | 2X Monthly | Ft. Myers/Naples | Hispanic |
| *Providence En Espanol* | 25,000 | Weekly (F) | Providence/New Bedford | Hispanic |
| *Que Pasa-Greensboro/Winston Salem (formerly Extended Piedmont Triad Area Ed.)* | 24,000 | Weekly (Th) | Greensboro/High Point/Winston-Salem | Hispanic |
| *Rio Grande Valley Hispanic Newspaper Network (6 Publications)* | 103,462 | Daily | Harlingen/Weslaco/Brownsville/McAllen | Hispanic |
| *Semana* | 145,000 | Weekly (Th) | Houston | Hispanic |
| *Vida en el Valle (Fresno, Sacramento, Modesto, Stockton, Merced)* | 159,000 | Weekly (W) | Fresno/Visalia | Hispanic |
| *Viva Colorado* | 50,000 | Weekly (Th) | Denver | Hispanic |
| *Viva Greenville* | 5,000 | Monthly | Greenville/New Bern/Washington | Hispanic |
| *Washington Hispanic* | 45,000 | Weekly (F) | Washington | Hispanic |

## Local & National Ethnic Publications

| | | | | |
|---|---|---|---|---|
| *El Hispano News* | 27,443 | Weekly (Th) | Dallas/Ft. Worth | Hispanic |
| *El Sentinel (Ft. Lauderdale/Miami)* | 100,030 | Weekly (Sa) | Miami/Ft. Lauderdale | Hispanic |
| *El Sentinel (Orlando)* | 80,700 | Weekly (Sa) | Orlando/Daytona Beach/Melbourne | Hispanic |
| *La Prensa (Orlando)* | 51,000 | Weekly (Th) | Orlando/Daytona Beach/Melbourne | Hispanic |
| *El Bilingue* | 5,000 | Weekly (F) | Amarillo | Hispanic |
| *El Manana* | 26,000 | Daily | Laredo | Hispanic |
| *La Prensa Latina* | 37,000 | Weekly (F) | Memphis | Hispanic |
| *La Prensa De Minnesota* | 15,000 | Weekly (F) | Minneapolis/St. Paul | Hispanic |
| *La Voz Latina* | 8,500 | Monthly | Minneapolis/St. Paul | Hispanic |
| *Vida y Sabor* | 15,000 | Weekly (F) | Minneapolis/St. Paul | Hispanic |
| *Actualidad Hispana* | 4,000 | 2X Monthly | Nashville | Hispanic |
| *El Crucero de Tennese* | 10,000 | Weekly (F) | Nashville | Hispanic |
| *La Campana* | 7,500 | 2X Monthly | Nashville | Hispanic |
| *La Noticia* | 7,000 | 2X Monthly | Nashville | Hispanic |
| *Latino News* | 8,000 | 2X Monthly | Nashville | Hispanic |
| *Mundo Hispano* | 30,000 | 2X Monthly | Nashville | Hispanic |
| *Catholic Sun (La Comunidad Section)* | 120,000 | 2X Monthly | Phoenix | Hispanic |
| *La Voz* | 60,000 | Weekly (F) | Phoenix | Hispanic |
| *Latino Perspectives* | 25,000 | Monthly | Phoenix | Hispanic |
| *Prensa Hispana* | 65,000 | Weekly (W) | Phoenix | Hispanic |
| *TV y Mas* | 74,350 | Weekly (F) | Phoenix | Hispanic |
| *TeleGuia En Espanol* | 65,000 | Weekly (Th) | Phoenix | Hispanic |
| *Teleritmo de Arizona* | 40,000 | Weekly (Th) | Phoenix | Hispanic |
| *La Estrella de Tucson* | 31,000 | Weekly (F) | Tucson/Sierra Vista | Hispanic |
| *Adelante Valle* | 17,500 | Weekly (Th) | Yuma/El Centro | Hispanic |
| *Bajo El Sol* | 15,000 | Weekly (F) | Yuma/El Centro | Hispanic |
| *La Cronica* | 18,258 | Daily | Yuma/El Centro | Hispanic |