UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORLANDO S. RAMIREZ and ALBERTO TORRES-HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STI PREPAID L.L.C., STI PHONECARD, INC., TELCO GROUP, INC., VOIP ENTERPRISES, INC., and LEUCADIA NATIONAL CORP and ABC CORPS 1-25,<br><br>Defendants. | Civil Action No. 08-1089 (SDW)<br><br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF <u>CLASS NOTICE</u>** |

THIS MATTER having been brought before the Court jointly by Plaintiffs, through Carella, Byrne, Cecchi, Olstein, Brody & Agnello, Freed & Weiss LLC and Nagel Rice LLC (collectively, "Plaintiffs' Lead Counsel") and by Defendant STi Prepaid, LLC, through its attorneys, Wilentz, Goldman & Spitzer, P.A. and Defendants STI Phonecard, Inc., Telco Group, Inc., VOIP Enterprises, Inc., through their attorneys, Herrick Feinstein L.L.P., by motion for an Order, pursuant to Federal Rule of Civil Procedure 23(e), for an Order seeking preliminary approval of a class action settlement, and directing the dissemination of class notice (the "Motion"); and the Court having reviewed the submissions of the parties, having held a hearing on June 28, 2010, and having found that the parties are entitled to the relief they seek; and for good cause shown;

IT IS THIS 16 day of July 2010:

ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

1. The proposed Class Settlement Agreement and Release dated July 12, 2010, ("Settlement Agreement"), submitted with the Motion, is preliminarily approved as being within the range of potential final approval.[1]

2. <u>Preliminary Class Certification For Settlement Purposes</u>: Based upon the submissions of the parties, the Court conditionally makes the following findings: (a) the members of the Settlement Class are so numerous as to make joinder impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Class Members; (c) plaintiffs' claims and the defenses thereto are typical of the claims of Class Members and the defenses thereto; (d) plaintiffs and their counsel can and have fairly and adequately protected the interests of the Class Members in this action; (e) a class action is superior to all other available methods for fairly and efficiently resolving this action; and (f) accordingly, for purposes of the Settlement only, the Court preliminarily approves Plaintiffs Orlando Ramirez and Alberto Torres-Hernandez ("Class Representative") as representative of the Class, represented by Plaintiffs' Lead Counsel, and conditionally certifies a Settlement Class comprised of all Persons who, at any time prior to the date of entry of this Order, purchased one or more STI Calling Cards in the United States. Defendants and their respective officers, directors and employees, counsel for the parties, and members of the federal judiciary and their families are not included in the Settlement Class.

3. This matter is preliminarily certified as a class action for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). If the settlement does not

---

[1] All defined terms set forth in this Order shall have the same meaning as that set forth in the Settlement Agreement. A copy of the Settlement Agreement, as amended without exhibits, is annexed hereto as Exhibit A.

2

receive final approval, Defendants retain the right to assert that this action may not be certified as a class action for liability purposes.

4. Carella, Byrne, Cecchi, Olstein, Brody & Agnello, Freed & Weiss LLC and Nagel Rice LLC are appointed as Co-Lead Settlement Class Counsel.

5. The Court finds, upon preliminary review of the Settlement Agreement and consideration of the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement Agreement and the settlement that it incorporates appear to be fair, reasonable and adequate. The Court further finds that the Settlement Agreement falls "within the range of possible approval." Manual of Complex Litigation (Third) § 30.41. Accordingly, the Settlement Agreement is preliminarily approved, subject to a further determination to be made after a Fairness Hearing, as defined below, and is sufficient to warrant sending notice to the Settlement Class.

6. A final hearing (the "Fairness Hearing") shall be held before this Court on November 16, 2010 at 11:00 a.m., to determine whether (a) this action meets each of the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a), and may properly be maintained as a class action on behalf of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3); (b) the Settlement Agreement, including the allocation of the settlement proceeds, should receive final approval as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) orders granting final approval of the Settlement Agreement, entering final judgment and dismissing the Amended Consolidated Complaint with prejudice ("Final Settlement Order and Judgment"), as provided in the Settlement Agreement, should be entered; (d) the application of Plaintiffs' Lead Counsel for the payment of attorneys' fees and expenses for plaintiffs is reasonable and should be approved; and (e) the proposed plan of

distribution is fair and reasonable. The Fairness Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Plaintiff Settlement Class.

7. At the Fairness Hearing, the Court will consider and determine whether the Settlement Agreement should be finally approved as fair, adequate and reasonable in light of any objections presented by Class Members and the parties' responses to any such objections.

8. Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement. Any member of the Settlement Class who so objects may appear at the Fairness Hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable. Each Settlement Class Member who wishes to object to any term of the Settlement Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to counsel for the parties. Any such objection must be filed with the Clerk of the Court and received by counsel for the parties no later than October 15, 2010.

Any such objection must (a) include a list of all available PINs and names of STI Calling Cards that were purchased by the objecting Settlement Class Member and the approximate total dollar amount of such purchase(s), (b) attach copies of any materials that will be submitted to the Court or presented at the fairness hearing, (c) be signed by the objecting Settlement Class Member, and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii) the objecting Settlement Class Member's, name, address and, if available, telephone number, and (iii) if represented by counsel, such counsel's name, address and telephone number.

Any objection that fails to satisfy the requirements of this section, or that is not properly and timely submitted, shall be deemed ineffective, will be disregarded by the Court, and will be

deemed to have been waived, and the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

9. Any member of the Settlement Class may elect to opt out of the proposed settlement by mailing a written request for exclusion to counsel for the parties no later than October 15, 2010. Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a request for exclusion from the Settlement to counsel for the parties, so that such request is postmarked no later than October 15, 2010.

The request must (a) be signed by the Settlement Class Member, (b) include a list of all available PINs and names of STi Calling Cards that were purchased by the Person, the date(s) or approximate date(s) of the Person's purchase(s) of STi Calling Card(s), the name(s) and address(es) of the retailer(s) from which such card(s) were purchased, the approximate total dollar amount of such purchase(s), (c) clearly express the Person's desire to be excluded (or to "opt out") from the Settlement Class, (d) include the Settlement Class Member's name, address and, if available, telephone number, and, (e) if represented by counsel, counsel's name, address and telephone number.

Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can opt out only for himself or herself and, except for minors, cannot opt out for any other Person, nor can any Person within the Settlement Class authorize another Person to opt out on his or her behalf. Requests for exclusion that fail to satisfy the requirements of this paragraph shall not be effective. Untimely requests shall also not be effective. Any Person included within the Settlement Class who does not properly and timely submit a request for exclusion, as

required above, shall be deemed to have waived all rights to opt out of the Settlement, and shall be deemed a Settlement Class Member for all purposes pursuant this Order.

10. Except for good cause shown, no person (other than parties or their representatives) may be heard at the Fairness Hearing, or file papers or briefs, unless on or before October 15, 2010, such person or their counsel files with the Clerk of the Court and simultaneously serves on counsel for all parties a timely, written objection and notice of intent to appear. Any such objection must include (a) a list of all available PINs and names of STi Calling Cards that were purchased by the Settlement Class Member, the date(s) or approximate date(s) of the Settlement Class Member's purchase(s) of STi Calling Card(s), the name(s) and address(es) of the retailer(s) from which such card(s) were purchased, and the approximate total dollar amount of such purchase(s), (b) the Settlement Class Members' signature, and (c) a detailed statement of the ground(s) for objection that the Settlement Class Member intends to raise at the fairness hearing. Any objection that fails to satisfy the requirements of this section, or that is not properly and timely submitted, shall be deemed ineffective, will be disregarded by the Court, and will be deemed to have been waived, and the objecting Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

11. The Court finds that the manner and content of the notice specified in the Settlement Agreement will provide the best notice practicable to the Settlement Class under the circumstances. All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be borne by Defendants.

12. If the Settlement Agreement is finally approved, the Court shall enter a separate order finally approving the Settlement Agreement, entering judgment and dismissing the

Amended Consolidated Complaint with prejudice. Such order and judgment shall be fully binding with respect to all members of the Settlement Class.

13. In the event that the proposed settlement provided for in the Settlement Agreement is not approved by this Court, or entry of the final order and judgment set forth in paragraph 12 does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by this Court in connection therewith shall become null and void. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of the parties, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

14. The dates of performance are as follows:

    a. The Settlement Notice shall be available to the public on a discrete settlement website that can be accessed through a link at www.stisettlement.com.com, www.freedweiss.com, www.carellabyrne.com, and www.nagelrice.com by August 30, 2010.

    b. The Settlement Notice shall be mailed to all Class members whose identification information is reasonably accessible from Defendants' business records, by August 30, 2010.

    c. The Summary Notice shall be published by national press release via PR Newswire, and in the publications set forth in Exhibit G of the Settlement Agreement, by August 30, 2010.

    d. By August 30, 2010, Defendants will provide a notice voice prompt on their customer service numbers until October 27, 2010.

    e. By August 30, 2010, Defendants will establish a dedicated, toll-free telephone number that Persons can call to hear information regarding the Settlement, including the status of the Claims Submission Period. This toll-free number will be available through the end of the Claims Submission Period. Defendants will also place information regarding the status of the Claims Submission Period on the settlement website at www.stisettlement.com by August 30, 2010, continuing until the end of the Claims Submission Period.

  f. The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by _Nov 1_, 2010.

  g. Plaintiffs' counsel shall file any application for an award of attorneys' fees, costs and litigation expenses by _Nov 1_, 2010.

  h. The Fairness Hearing shall be held on November 16, 2010 at 11:00 a.m.

15. This Court hereby enters a Preliminary Injunction barring and enjoining the Class Representative and all Settlement Class Members from bringing, filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims, until such time as this Court has ruled on the fairness of the settlement terms following the Fairness Hearing.

_____
MADELINE COX ARLEO, U.S.M.J.