UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORLANDO S. RAMIREZ and ALBERTO TORRES-HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>STI PREPAID L.L.C., STI PHONECARD, INC., TELCO GROUP, INC., VOIP ENTERPRISES, INC., and LEUCADIA NATIONAL CORP and ABC CORPS 1-25,<br><br>Defendants. | Civil Action No. 08-1089 (MCA)<br><br><br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, FINAL JUDGMENT AND ORDER OF <u>DISMISSAL WITH PREJUDICE</u>** |

THIS MATTER having been brought before the Court jointly by Plaintiffs, through Carella, Byrne, Cecchi, Olstein, Brody & Agnello, Freed & Weiss LLC and Nagel Rice LLC (collectively, "Plaintiffs' Lead Counsel") and by Defendant STi Prepaid, LLC, through its attorneys, Wilentz, Goldman & Spitzer, P.A. and Defendants STI Phonecard, Inc., Telco Group, Inc., VOIP Enterprises, Inc., through their attorneys, Herrick Feinstein L.L.P., by motion for an Order, pursuant to Federal Rule of Civil Procedure 23(e), seeking final approval of a class action settlement, and entry of final judgment dismissing the Amended Consolidated Complaint with prejudice (the "Motion"); and the Court having reviewed the submissions of the parties, all properly and timely filed objections to the proposed class action settlement, and the parties' responses to such objections, and having held a Fairness Hearing, pursuant to Federal Rule of Civil Procedure 23(e)(2) on December 21, 2010 (the "Fairness Hearing"), and having found that the parties are entitled to the relief they seek; and for good cause shown;

It this 3 day of January, 2011

ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

1.	With respect to the Settlement Class, the Court finds and concludes that: (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) plaintiffs' claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) plaintiffs and their counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action. The Court therefore determines that this action satisfies the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23(a), and may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), with plaintiffs representing the following Settlement Class, which the Court hereby certifies for purposes of settlement only: All persons who, at any time prior to the date of entry of this Court's July 16, 2010 Order Granting Motion for Preliminary Approval of Class Action Settlement and Directing Dissemination of Class Notice (the "Preliminary Approval Order"), purchased one or more STI Calling Card in the United States (the "Settlement Class"). Defendants and their respective officers, directors and employees, counsel for the parties, and members of the federal judiciary and their families are not included in the Settlement Class.

2. Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. Such Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process. The Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the *res judicata* effect on the members of the Settlement Class, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, to intervene in this action, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all members of the Settlement Class are bound by this Order and by the final judgment to be entered pursuant thereto.

3. The Settlement Agreement and Release dated July 12, 2010 (the "Settlement Agreement")[1] was arrived at through extensive arm's length negotiations conducted in good faith by counsel for the parties, and is supported by the majority of the members of the Settlement Class.

4. Through December 21, 2010, one purported member of the Settlement Class, Katia Alfaro, has opted out of the Settlement.

5. This litigation presents difficult and complex issues as to liability and damages, as to which there are substantial grounds for difference of opinion.

---

[1] All defined terms set forth herein are ascribed the same meaning as that set forth in the Settlement Agreement.

3

6. The Settlement is fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, and the risks inherent and involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

7. The promises and commitments of the parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases of the Released Claims against the Released Parties.

8. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

9. It is in the best interests of the parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any of the Released Parties which in any way relates to the applicability or scope of the Settlement Agreement or this Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE FURTHER ORDERED AS FOLLOWS:

A. The parties' request for final approval of the Class Action Settlement is GRANTED.

B. The Settlement Agreement submitted by the parties is finally approved as fair, reasonable, adequate, just, and in the best interests of the Class, and the parties are hereby directed to consummate the Settlement Agreement in accordance with its terms.

C. The proposed method for providing relief to Settlement Class Members in the form of Refund PINS, as set forth in the Settlement Agreement, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Class.

D. For a period of three years from the date hereof, Defendants shall:

   i. comply with such state and/or federal laws, rules and regulations, as now constituted or as may hereafter be amended, which are applicable to all future sales and marketing, and charges (*i.e.*, fees, taxes, surcharges or other amounts charged) of STi Calling Cards;

   ii. ensure that all minutes or rates, or both advertised on any STi Calling Card, any point of sale material relating to that STi Calling Card or any other advertising materials otherwise relating to any STi Calling Card, shall be available and achievable by a consumer and there shall be no limitations on the period of time for which the advertised minutes, or rates, or both, will be available to the consumer unless those limitations are clearly and conspicuously displayed on the advertising or point of sale material which advertises the minutes or rates;

   iii. ensure that any minutes stated on voice prompts given to a consumer at the time the consumer places a call with STi Calling Cards shall be immediately available and achievable by the consumer on that call;

   iv. clearly and conspicuously disclose all fees: (i) on its STi Calling Cards; and (ii) on its advertising when advertising rates or minutes;

   v. make available to consumers a toll-free customer service telephone number to address any post-order inquiries concerning all STi Calling Cards, and shall clearly and conspicuously disclose to consumers the telephone number on the STi Calling Cards;

   vi. make available through the toll-free customer service telephone number all information concerning any fees related to STi Calling Cards.

E. The Court hereby approves a fee award to Plaintiffs' Lead Counsel in the amount of $2,050,000. This award shall be paid directly to Plaintiffs' Lead Counsel, who shall allocate attorneys' fees and expenses among Plaintiffs' Counsel in a manner that, in the sole discretion of Plaintiffs' Lead Counsel, reflects the respective contributions of Plaintiffs' Counsel to the results achieved in this matter.

5

F. Subject to the terms hereof, the Amended Consolidated Complaint is hereby dismissed on the merits with prejudice.

By this Order and the Judgment entered pursuant to it, effective as of the Settlement Effective Date, and in consideration of this Agreement and the benefits extended to the Settlement Class, Plaintiffs, on behalf of themselves and the Settlement Class Members, and his or her respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, fully release and forever discharge the Released Parties from the Released Claims.

Plaintiffs, on behalf of themselves and the Settlement Class Members, fully understand that if any fact relating to any matter covered by this Agreement is later found to be other than or different from the facts now believed by Plaintiffs to be true, Plaintiffs, on behalf of themselves and the Settlement Class Members, expressly accept and assume the risk of such possible differences in fact and agree and acknowledge that this Agreement shall nevertheless remain fully binding and effective.

Plaintiffs expressly understand and acknowledge that certain state statutes and principles of common law (e.g., Cal. Civ. Code § 1542) provide that a "general" release does not extend to claims that a creditor does not know or suspect to exist in his, her, or its favor at the time of executing the release and which, if known, must have materially affected the settlement with the debtor. To the extent that any Settlement Class Member may argue that such statutes or principles of common law are applicable here, Plaintiffs, on behalf of themselves and the Settlement Class Members, agree that any such statutes, principles of common law or other

6

sources of legal authority of any and all jurisdictions that may be applicable are hereby knowingly and voluntarily waived and relinquished by the Settlement Class Members, and further agree and acknowledge that this is an essential term of this Agreement.

Upon entry of the Final Order and Judgment, Plaintiffs shall have, and each and every Settlement Class Member shall be deemed to have, on behalf of himself or herself and their respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, covenanted and agreed to:

1. forever refrain from instituting, maintaining, or proceeding in any action against the Released Parties with respect to any Released Claims;

2. release and forever discharge the Released Parties from each and every such Released Claim; and

3. indemnify and hold harmless the Released Parties from all liability and expenses (including attorneys' fees) incurred by the Released Parties as the result of a breach of this covenant-not-to-sue by a Settlement Class Member. Liability for this indemnification shall be limited to the Settlement Class Member(s) responsible for breaching the covenant-not-to-sue.

This Agreement may be pleaded as a full and complete defense to, and may be used as the basis for a temporary restraining order or preliminary or permanent injunction against, any action, suit or other proceeding, which has been or may be instituted, prosecuted, continued to be prosecuted, or attempted, asserting any claim released by this Agreement.

7

G. Without affecting the finality of the judgment entered pursuant to this Order, this Court retains continuing jurisdiction of the Settlement, including the administration, consummation, and enforcement of the Settlement Agreement. In addition, without affecting the finality of the judgment entered pursuant to this Order, this Court retains jurisdiction over Defendants and each member of the Settlement Class, who are deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order.

H. The Court finds that there is no reason for delay and directs the Clerk to enter judgment in accordance with the terms of this Order.

I. The Court orders and enters a Permanent Injunction barring and enjoining the Class Representatives and all Settlement Class Members from bringing, filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims.

MADELINE COX ARLEO, U.S.M.J.